## FRANK LINDNER *vs.* MARIA SAHLER.

When a married woman acts and speaks by her husband, his declarations and acts are hers, and she must see to it—particularly when he assumes to act and speak in her presence, for her—that he speaks and acts as the law and her duty require her to speak and act if she spoke herself. She must, in such case, dissent and disapprove his acts and declarations, or they should be deemed hers.

She cannot stand by and hear him assert rights for her, and in her behalf, or do wrong for her benefit, or refuse to do what her legal duty requires, and escape responsibility. Under such circumstances, if she does not dissent, she will be deemed to assent.

Thus, where the plaintiff, having lost certain sheep, went to the defendant's house, and demanded them of her husband, she being present at the time,

Lindner *v.* Sahler.

with which demand the defendant's husband refused to comply; *Held* that
it was a question for the jury whether the defendant's husband refused to
deliver the sheep on such demand, by her authority, direction or assent;
whether he spoke for his wife, and she knew that he assumed to do so, and
assented to what he said, or to his assumption to act and speak for her. And
that if she did, the jury might infer a refusal by her; and in that case an
action would lie, against her, for a conversion.

APPEAL from a judgment of the county court of Ontario
county, on appeal from a judgment rendered by a jus-
tice of the peace. The action was trover, for the conversion
of fifteen sheep. The defense was a general denial. The
justice rendered a judgment for the plaintiff, and the de-
fendant appealed to the county court, where a new trial
was had. The plaintiff proved his ownership of the sheep;
that they were found in the defendant's possession; and
that a demand thereof was made of the defendant's hus-
band, (she being a married woman,) in her presence, with
which he refused to comply. When the plaintiff rested,
the defendant's counsel moved the court, that the plaintiff
be nonsuited, and insisted that the defendant had done no
act to render her liable in this action. That she was never
notified of the plaintiff's claim to the sheep. That it was
necessary for the plaintiff to have called upon her for the
sheep. That an agent cannot make the principal liable
for a tort. That the defendant had no control of the
sheep. That the evidence was sufficient to charge her
husband, but not her. The plaintiff's counsel requested
the defendant's counsel to state the precise ground on
which he based his motion for a nonsuit, to which he
replied, upon the ground that there was no evidence that
the defendant converted the property in question, and no
evidence of the sheep being in the defendant's possession,
or to show the plaintiff the owner of the same. The
plaintiff's counsel insisted that there was sufficient evidence
to require said court to submit the cause to the jury, but
the court ruled and decided that there was not sufficient

evidence of a conversion by the defendant, of the sheep in question, and nonsuited the plaintiff, to which ruling and decision the plaintiff excepted.

*Geo. F. Danforth,* for the appellant.

*E. G. Lapham,* for the respondent.

*By the Court,* E. DARWIN SMITH, J.    The nonsuit in this case was, I think, erroneously granted.    The plaintiff gave evidence sufficient to take the case to the jury upon every question essential to sustain the right of action, except upon the point of conversion.    In the absence of any proof that she knew that the plaintiff's sheep were mingled with her and that she had received the profits thereof, I think it quite clear that an action of trespass or trover would not lie against her for such sheep, without proof of a demand distinctly made upon her for their delivery.    The case, therefore, turns upon the question whether the demand made of her husband was sufficient to sustain the action. It seems to me that it was sufficient to take the case to the jury.    The plaintiff testified that after finding the sheep on the defendant's premises, he went to the defendant's house and there saw the defendant's husband, and that the defendant was standing by while they were talking with him. He says: "Mr. Sahler asked me if I saw any of my sheep there? and I told him, yes."    "I told him that I wanted my sheep, and he told me that I could not have them; that I had no sheep there."    The witness Redfield, who was also present at the same time, says he heard the conversation between the plaintiff and Sahler, and that the defendant also came to the door at the time during the conversation, but could not say whether she stayed long enough to hear or not; she was there but a little while. Upon this evidence I think it was a question for the jury whether the defendant's husband then and there refused

Lindner *v.* Sahler.

to deliver the sheep, upon this demand, by her authority, direction or assent; whether he spoke for his wife, and she knew that he then and there assumed so to do, and assented to what he said, or to his assumption to act and speak for her. If she did, I think the jury might have inferred that she refused, then and there, to give up the sheep, and if so the action would have been sustained. When a married woman acts and speaks by her husband, his declarations and acts are hers, and she must see to it, particularly when he assumes to act and speak in her presence for her, that he speaks and acts as the law and her duty would require her to speak and act if she spoke herself. She must in such case dissent and disapprove his acts and declarations or they should be deemed hers. She cannot stand by and hear him assert rights for her and in her behalf, or do wrong for her benefit, or refuse to do what her legal duty requires, and escape responsibility. She must be deemed to assent when she does not dissent, under such circumstances. At least in this case I think the question should have gone to the jury, upon the facts, to say whether she heard what was said at the time, understood what was the subject of the conversation, and what was the claim of the plaintiff; and whether with such knowledge she allowed her husband to refuse to comply with the demand then made for the delivery of the sheep in question. Upon this ground I think the judgment should be reversed and a new trial granted, to be had in the county court, with costs to abide the event.

[MONROE GENERAL TERM, September 7, 1868. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]